\*196]  \*Joseph. Welch *against* Archibald Murray.

He who complains of irregularity, should early apply to the court.
Sheriff's sales of life estates in lands, will not be readily set aside.

On a *venditioni exponas* returnable to September term 1804, one undivided sixth part of a house and lot in the city, was returned sold to the plaintiff, during the life of the defendant.

A motion was entered in December term 1804, to set aside the sale, on the ground of irregularity.

The motion was made in behalf of Joshua B. Bond, a creditor of the defendant, but who had obtained no judgment against him. He was supposed to be in a distant part of the state, and was entitled to the property in right of his wife.

[Welch *v.* Murray.]

It appeared that the premises were duly advertised for sale, on the 13th July 1804. Adam Clampfer the sub-sheriff, was directed to attend the sale, but omitted it in the hurry of business. The sale was adjourned to a period within ten days, and was not again advertised. A fair sale then took place. Bond bid thereat, but the plaintiff was the highest bidder; and in consequence thereof, paid off a prior judgment.

Mr. Wallace for the plaintiff, took several exceptions to the motion. 1. The application is not made by the defendant, or any authorized agent in his behalf. Bond has no lien on the premises; he made no objection to the sale at the time, but actually bid thereat. A complaint from him of inadequacy of price, under such circumstances, will not be respected.

2. If it is competent to him to object, he ought to have come forward in due time. In all cases of irregularity, the party should apply to the court as early as possible; and if he either proceeds himself, after discovering the irregularity, or lies by, and suffers the other party to proceed, the court will not assist him. 2 Tidd. 271. 3 T. R. 10. 5 T. R. 254, 264. Here he has been faulty in both particulars.

3. Here a life estate only has been sold; and the estate may run out before a second sale, which would be prejudicial to all parties.

Mr. W. Tilghman in support of the motion. Bond is a creditor, and of course interested. But even a stranger may suggest to the court a gross irregularity in a sheriff's sale. It is impossible there can be an adjournment, when the proper officers did not attend according to the advertisement. It is the same thing in this instance, as if the premises had never been advertised before. We come in early enough with our objection, at any time before the acknowledgment of the sheriff's deed.

*By the Court. Unquestionably there has been irregularity; but the delay in the application of Bond, who [*197 bid at the sheriff's sale, and suffered the plaintiff to discharge an earlier lien on the property, and the nature of the estate sold, forbid us to interfere. The interest of the defendant may cease before a second sale, or the premises may not be sold again for the same sum. We have no proof of inadequacy of price.

　　　　　　　　　　　　　　　　　　Motion denied.